# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MEZA,<br><br>    Plaintiff,<br><br>    v.<br><br>SPEARMAN, et al.,<br><br>    Defendants. | No. 2:19-CV-0422-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1). Plaintiff alleges Defendants violated his rights under the First Amendment and Eighth Amendment.

///
///
///
///
///
///
///
///
///

1

# I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///
///
///
///

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Spearman, (2) B. Rice, and (3) Curry. See ECF No. 1, at 1. Plaintiff raises two claims. First, Plaintiff alleges Defendant Curry violated his First Amendment rights by retaliating against him. Plaintiff alleges he was "on the yard" when an alarm went off and the Tower ordered everybody to get on the ground. Id. at 3. Plaintiff contends he complied, then five to ten seconds later, Defendant Curry threw a cannister that hit Plaintiff in the head. Id. Plaintiff alleges the cannister thrown by Defendant Curry was supposed to be thrown towards an incident taking place thirty feet away, but instead was thrown at Plaintiff, who was five feet away from Defendant Curry at the time. Id. The impact rendered Plaintiff unconscious. Id. When Plaintiff regained consciousness, he states he was disoriented, confused, and dizzy. Id. Plaintiff alleges that because of "past words" between himself and Defendant Curry, Defendant Curry purposely threw the cannister at Plaintiff's head as a retaliatory action. Id. at 4.

Second, Plaintiff alleges Defendant B. Rice violated his Eighth Amendment right by not administering proper medical care after the alleged incident detailed above. Id. Plaintiff states Defendant B. Rice could "clearly [see] the dried blood on my head" and that Defendant B. Rice "just looked at me and [said] "you're fine." Id. at 4, 6. Plaintiff states the injury was a "massive red mark" on his head that eventually swelled into a lump. Id. at 4. Plaintiff states Defendant B. Rice did take his blood pressure, temperature, and heart rate, but no brain scan was performed. Id. at 6. Plaintiff claims he currently experiences constant pain in his head, headaches, and nose-bleeds. Id. at 4-5.

Finally, while Plaintiff makes conclusory allegations that Defendant Spearman violated his First Amendment and Eighth Amendment rights, there are no facts in the complaint indicating how Defendant Spearman caused those alleged constitutional violations. In fact, Defendant Spearman's name appears nowhere in the substantive portion of the complaint.

///

///

///

**III. DISCUSSION**

As currently set forth, the Court finds Plaintiff's complaint fails to state a claim upon which relief can be granted under § 1983. While Plaintiff alleges violations of his rights under the First Amendment and Eighth Amendment, Plaintiff's claims against Defendants Curry and B. Rice fail to pass screening as they lack sufficient factual allegations to support the alleged constitutional violations. Plaintiff's claims fail to satisfy the Rule 8 pleading requirements, which necessitate factual allegations specifying what conduct Defendant Spearman engaged in that lead to the alleged constitutional violations.

**A.    Claims Against Curry and B. Rice**

**1.    First Amendment**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing

chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element. Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.

Here, Plaintiff fails to allege sufficient facts to establish a First Amendment violation because it is unknown whether the "past words" exchanged between Plaintiff and Defendant Curry are protected under the First Amendment. Specifically, Plaintiff alleges no facts indicating whether Defendant Curry threw the cannister at his head because Plaintiff engaged in protected speech and Plaintiff alleges no facts demonstrating this alleged conduct chilled his speech. Because Plaintiff alleges insufficient facts to establish a retaliation claim generally, Plaintiff's First Amendment retaliation claim cannot pass screening.

### 2. Eighth Amendment

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin, 974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989).  The complete denial of medical attention may constitute deliberate indifference.  See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff has not alleged sufficient facts to establish an Eighth Amendment violation. Plaintiff did not allege facts supporting an allegation that Defendant B. Rice acted unnecessarily and wantonly for the purpose of inflicting harm on Plaintiff or with deliberate indifference to his allegedly serious injury. In other words, Plaintiff has failed to allege facts capable of establishing deliberate indifference. Additionally, it appears Plaintiff's claim is, at least in part, based on differing opinions on medical treatment. Because a difference of opinion between Plaintiff and the medical provider, Defendant B. Rice, regarding the appropriate course of treatment does not give rise to an Eighth Amendment violation, any allegations related to treatment opinions fail to state a claim under § 1983. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Because Plaintiff has failed to allege sufficient facts to establish an Eighth Amendment claim, Plaintiff's Eighth Amendment claim cannot pass screening.

**B.     Claims against Spearman**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff alleges Defendant Spearman violated his Eighth Amendment and First Amendment rights. However, Plaintiff alleges no facts establishing how Defendant Spearman violated his constitutional or statutory rights. In fact, Defendant Spearman's name does not even appear anywhere in the substantive portion of the complaint. Because Plaintiff fails to allege any facts indicating Defendant Spearman engaged in any alleged unconstitutional

action, Plaintiff has failed to satisfy the Rule 8 pleading standard. Further, because Plaintiff failed to attribute any of the alleged unconstitutional conduct to Defendant Spearman, this Court is unable to engage in a substantive analysis to determine if sufficient facts exist to support an Eighth Amendment or First Amendment claim. Plaintiff will be provided an opportunity to amend the complaint to set forth specific facts as to Defendant Spearman demonstrating what Defendant Spearman did and how that action or inaction violated Plaintiff's constitutional rights.

### 1. Supervisory Liability

Additionally, the Court observes Defendant Spearman holds a supervisory position. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, Plaintiff appears to allege Defendant Spearman is liable as supervisory

8

personnel—asserting that as a supervisor, Defendant Spearman is liable for the conduct of his subordinates. This is a respondeat superior theory of liability which is not cognizable under § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff is advised that in amending the complaint, he should be cognizant of the legal standard related to supervisory liability, outlined above, and note that a supervisor can only be held liable for their own actions or inactions resulting in the violation of Plaintiff's constitutional rights, not the actions or inactions of their subordinates.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply

with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and
2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

Dated: June 14, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE